IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BROCK INDUSTRIAL SERVICES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-CV-780-NJR-DGW |
| ) | |
| LABORERS INTERNATIONAL UNION ) | |
| OF NORTH AMERICA, ) | |
| CONSTRUCTION & GENERAL ) | |
| LABORERS LOCAL #100, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Defendant Laborers' International Union of North America, Construction & General Laborers Local #100 ("Laborers") Motion for Leave to File Answer (Doc. 39), asking for an extension of time to file its Answer to the Complaint.

Brock Industrial Services, LLC ("Brock") originally filed its Complaint on July 12, 2016 (Doc. 1). On August 2, 2016, Laborers filed a Motion to Dismiss (Doc. 15). Subsequently, the parties filed various other motions: a Motion to Vacate filed by Brock (Doc. 18), a Motion to Dismiss the Motion to Vacate (Doc. 26) filed by Laborers, and a Motion to Enforce (Doc. 30) filed by Laborers. On March 27, 2017, the Court issued an Order addressing all of these motions, which included a denial of the Motion to Dismiss (Doc. 15). In that Order, the Court reminded Laborers of its obligation to answer the Complaint within the time period set forth in Federal Rule of Civil Procedure 12(a)(4)(A) (Doc. 37, n. 5).

Rule 12(a)(4)(A) provides that "if the court denies the motion . . . , the responsive pleading must be served within 14 days after notice of the court's action." FED. R. CIV. P. 12(a)(4)(A). That deadline came and went on April 10, 2017, and Laborers did not file an Answer. On April 20, 2017, Brock filed a Motion for Entry of Default (Doc. 38) on the basis of Laborers' failure to respond to the Complaint. The next day, on April 21, 2017, Laborers filed a Motion for Leave to File Answer (Doc. 39).

The Court has discretion to permit a defendant to file an answer late "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). A finding of excusable neglect "extends to some cases in which the delay is 'caused by inadvertence, mistake, or carelessness.'" *Lewis v. School Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)). The determination of "excusable neglect" is "'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id*. The factors a court should consider are "the danger of unfair prejudice [to the nonmoving party], the length of the delay . . . the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Simstad v. Scheub*, 816 F.3d 893, 899 (7th Cir. 2016) (quoting *Pioneer*, 507 U.S. at 395).

Although the Court acknowledges that Laborers does not give much of an explanation of how it meets the excusable neglect standard, the Court nonetheless finds good cause to grant Laborers' motion. Brock does not claim any prejudice by the delay, stating that it "takes no position with respect to whether [Laborers] has demonstrated

excusable neglect." (Doc. 45, p. 2). The delay has not significantly impeded this case, and there is no indication of bad faith in the delay. Laborers acted by filing a motion one day after Brock sought a clerk's entry of default in light of Laborers' omission. Accordingly, the Court grants Laborers' Motion for Leave to File Answer (Doc. 39). *See Washington v. Duncan,* No. 13-C-1080, 2015 WL 2165580, at *2 (E.D. Wisc. May 8, 2015) (the court allowed an extension of time to file an answer when prejudice and impact on the case was minimal); *see also Wink v. Miller Compressing Company*, Case No. 14-CV-367, 2014 WL 12656092, at *1 (E.D. Wisc. May 14, 2014) (the court allowed an extension of time to file an answer noting that length of the delay and its potential impact on the proceedings was minimal). The Answer has been filed on the docket at Doc. 40.

Given that the Court **GRANTS** Laborers' Motion for Leave to File Answer (Doc. 39), Brock's Motion for Entry of Default (Doc. 38) is **MOOT**.

**IT IS SO ORDERED.**

**DATED:   May 15, 2017**

> s/ Nancy J. Rosenstengel_____
> **NANCY J. ROSENSTENGEL**
> **United States District Judge**